IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BALMORIS UMANZOR SORTO,

    Petitioner,

        v.                          Civil Action No. 3:26-cv-500

MARKWAYNE MULLIN, *et al.*,

    Respondents.

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, the Court GRANTS Petitioner Balmoris Umanzor Sorto's Amended Petition.  (ECF No. 6.)

Respondents are ORDERED to provide Mr. Umanzor Sorto with a bond hearing in front of an Immigration Judge pursuant to 8 U.S.C. § 1226(a).

The Court ORDERS that the Immigration Court provide Mr. Umanzor Sorto with a bond hearing prior to any hearing on the merits of his removal, and no later than twenty-four (24) hours from the date of entry of this Order, or if that period falls on a weekend, on the next business day.

The Court further ORDERS that at that hearing, Respondents SHALL bear the burden of showing that Mr. Umanzor Sorto is a danger or a flight risk by clear and convincing evidence.

Respondents are ENJOINED from denying bond to Mr. Umanzor Sorto on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2).

Respondents are ORDERED to file a status report with this Court no later than three (3) days after Mr. Umanzor Sorto's bond hearing, stating whether Mr. Umanzor Sorto has been

granted bond, and, if his request for bond was denied, the reason for that denial. Simply stating that Mr. Umanzor Sorto's request for bond was denied because he was deemed a "flight risk" or a "danger to the community," without more, would be insufficient.

In the event that Mr. Umanzor Sorto is released on bond, Respondents are ENJOINED from rearresting Mr. Umanzor Sorto unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing or is subject to detention pursuant to a final order of removal.

Should Mr. Umanzor Sorto be released on bond, Respondents are FURTHER ENJOINED from invoking the automatic stay provision at 8 C.F.R. § 1003.19(i)(2).[1]

Unless a party seeks additional relief within seven (7) days from the filing of the post-bond-hearing status report, the Court will order that this case be CLOSED.

It is SO ORDERED.

/s/

Date: 6/24/26    M. Hannah Lauck
Richmond, Virginia    Chief United States District Judge

---

[1] Courts in this District have found that "the automatic stay provision imposed in immigration cases constitutes an unequivocal violation of due process." *Hasan v. Crawford*, 800 F. Supp. 3d 641, 661 (E.D. Va. 2025)

2